UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL FOLDS,

    Plaintiff,

v.                      CASE NO: 8:11-CV-758-T-33EAJ

THE LANE CONSTRUCTION CORPORATION,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Stipulation of Dismissal with Prejudice and Joint Motion for Approval of Settlement (Doc. # 20), which was filed on October 27, 2011. For the reasons that follow, the Court grants the motion and dismisses this case with prejudice.

**I. Background**

Michael Folds filed his complaint against The Lane Construction Corporation, his employer, on April 8, 2011, alleging that Lane Construction failed to pay him overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 207, et seq. (Doc. # 1). Lane Construction filed its answer and affirmative defenses on May 5, 2011. (Doc. # 5).

The Court entered its FLSA Scheduling Order on May 19, 2011. (Doc. # 7). On May 26, 2011, Folds filed his answers to the Court's interrogatories. (Doc. # 9). Lane Construction filed its verified summary of Fold's wages and hours on June 9, 2011. (Doc. # 10).

On July 19, 2011, the parties filed a report indicating that they held a settlement conference on July 8, 2011, but were not able to reach a settlement. (Doc. # 11). The parties requested a settlement conference before a United States Magistrate Judge. (Id.) The Honorable Elizabeth A. Jenkins conducted a settlement conference on October 12, 2011, and the parties reached a settlement as a result of the settlement conference. (Doc. # 19).

II. **Analysis**

Folds alleges that Lane Construction violated the terms of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Here, the parties have reached a settlement wherein it is agreed that Folds will receive $2,750.00 and his counsel will receive $3,000.00 for attorneys' fees and costs.

This Court is duty-bound to scrutinize the attorney's fees requested in this FLSA case as directed by the court in Silva v. Miller, 307 F. App'x 349 (11th Cir. 2009). There, the court explained:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA

> provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

Id. at 352.

This Court is afforded broad discretion in addressing attorney's fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

Upon due consideration of the aforementioned authorities, as well as the oft-cited factors set forth in Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) and Johnson v. Ga. Highway Exp. Inc., 488 F.2d 714, 719 (5th Cir. 1974), the Court determines that the settlement reached is fair and reasonable. The Court notes that Folds is receiving a larger payment than he demanded in his answers to the Court's Interrogatories. (Doc. # 9-1).

Accordingly, the Court approves the compromise reached by the parties in an effort to amicably settle this case. The settlement is a fair and reasonable compromise of the parties' dispute, and the case is dismissed with prejudice.

Accordingly, it is

**ORDERED ADJUDGED and DECREED** that:

(1) The parties' Joint Stipulation of Dismissal with Prejudice and Joint Motion for Approval of Settlement (Doc. # 20) is **GRANTED**.

(2) The parties' settlement is approved. This case is dismissed with prejudice. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>28th</u> day of October, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record